UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAE T. THOMPSON,<br><br>    Plaintiff,<br><br>        v.<br><br>RON NEAL, et al.,<br><br>    Defendants. | CAUSE NO. 3:22-CV-335-JD-MGG |

OPINION AND ORDER

Trae T. Thompson, a prisoner without a lawyer, filed a complaint against Warden Ron Neal, Sgt. B. Stovall, and Josh Wallen. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thompson alleges that, on September 26, 2021, when he was an inmate at Indiana State Prison and housed in disciplinary segregation, he asked Sgt. Stoval to go to the medical department to have his colostomy bag changed. Sgt. Stoval told Thompson that he was not going to medical, and they argued. Sgt. Stoval walked a few cells down and then returned with his oleoresin capsicum or OC spray. He sprayed

Thompson on the face, hair, and back. Sgt. Stoval then told Thompson to cuff up. Thompson cuffed up and was taken to the sally port. After about an hour, Sgt. Stoval and Thompson began arguing again, because Thompson had not been decontaminated. Thompson was taken to the medical department to have his colostomy bag changed by other officers, but he was returned to his cell without being decontaminated.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Thompson the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim against Sgt. Stovall for spraying him with OC spray and refusing to permit him to decontaminate after the incident.[1]

Once Thompson was returned to his cell, he filed a grievance. Grievance Specialist Josh Wallen did not respond to the grievance. Thompson has no

---

[1] Thompson also alleges that Sgt. Stovall denied him constitutionally adequate medical care when he refused to allow him to decontaminate after being sprayed with OC spray, in violation of the Eighth Amendment. However, proceeding on different constitutional theories based on the same facts is redundant. *See Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection.").

constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he may not proceed against Wallen for failure to respond to a grievance.[2]

Thompson has also sued Warden Ron Neal in his official capacity for failing to train his employees and having policies, customs, regulations, or practices that allegedly led to the violation of his rights. However, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)). Warden Neal is not a municipality in either his individual or official capacity. To the extent Thompson is alleging Warden Neal did not properly supervise his staff, there is no general respondeat superior liability under 42 U.S.C. § 1983, and he cannot be held liable simply because he employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). And finally, Thompson cannot sue Warden Neal in his official capacity for money damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but

---

[2] Thompson also asserts that Wallen's failure to respond to his grievance violated his First Amendment rights. The First Amendment protects the right to petition the government for redress of grievances. To bring a First Amendment claim under 42 U.S.C. § 1983, however, Thompson must have suffered some harm due to the alleged violation of his rights. By filing this lawsuit, Thompson has exercised his First Amendment right to petition the government for redress, so there is no injury to be rectified. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) ("Because he is currently exercising his right to petition the government for redress of grievances through this lawsuit, he has not been harmed."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[Plaintiff's] invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances.").

rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). However, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999); *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore, the claims against Warden Neal must be dismissed.

For these reasons, the court:

(1) GRANTS Trae T. Thompson leave to proceed against Sgt. B. Stovall in his individual capacity for compensatory damages for spraying him with OC spray on September 26, 2021, and refusing to permit him to decontaminate after the incident, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal and Josh Wallen;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. B. Stovall at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

4

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. B. Stovall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 3, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT