UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAE T. THOMPSON,

    Plaintiff,

    v.                                              CAUSE NO. 3:22-CV-335-MGG

B. STOVALL,

    Defendant.

OPINION AND ORDER

Trae T. Thompson, a prisoner without a lawyer, is proceeding in this case "against Sgt. B. Stovall in his individual capacity for compensatory damages for spraying him with OC spray on September 26, 2021, and refusing to permit him to decontaminate after the incident, in violation of the Eighth Amendment[.]" ECF 4 at 4. Sgt. Stovall filed a motion for summary judgment, arguing he did not violate Thompson's Eighth Amendment rights. ECF 56. Thompson filed a response, and Sgt. Stovall filed a reply. ECF 66, ECF 70. Sgt. Stovall also filed a motion to file exhibits under seal. ECF 71.[1] Sgt. Stovall's summary judgment motion is now fully briefed and ripe for ruling.

---

[1] The exhibits that Sgt. Stovall seeks to seal consist of a use of force continuum utilized by the IDOC and training materials related to the use of O.C. spray. ECF 71-1; ECF 71-2. The motion does not contain information that needs to be sealed, and therefore should not have been filed under seal. Therefore, the clerk will be directed to unseal the motion to seal.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually

2

used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Sgt. Stovall provides an affidavit, in which he attests to the following facts: On September 26, 2021, Sgt. Stovall was assigned to Indiana State Prison's D-Cellhouse, where Thompson was housed as an inmate. ECF 56-1 at 1. At that time, Sgt. Stovall was aware that Thompson had previously assaulted or threatened to assault staff members on multiple occasions. *Id.* When Sgt. Stovall first encountered Thompson on September 26, Thompson had a bottle of excrement in his hand and a colostomy bag covering his face and was threatening to "gun down" anyone that came near him. *Id.* Sgt. Stovall attempted to verbally deescalate the situation but Thompson cocked his arm back as if to throw the bottle of excrement. *Id.* at 2. Sgt. Stovall warned Thompson that if he continued to threaten him he would administer OC spray. *Id.* Sgt. Stovall then administered a one-second burst of OC spray in Thompson's direction, but missed and hit the wall behind him. *Id.* Thompson put down the bottle of excrement and raised his hands in the air. *Id.* Because Sgt. Stovall missed Thompson with the OC spray, there was no reason for him to receive a decontamination shower. *Id.* Thompson was moved to the sally port while staff cleaned and decontaminated his cell. *Id.* Because Sgt. Stovall missed with the OC spray, he did not prepare an incident report. *Id.* at 2-3.

In response, Thompson attests to a different version of the facts. Specifically, Thompson attests that, on September 26, 2021, he asked Sgt. Stovall to go to medical for his routine colostomy bag change, but Sgt. Stovall refused. ECF 66-2 at 2. They began to

3

argue, and Sgt. Stovall walked off and returned with OC spray. *Id.* Sgt. Stovall administered the OC spray until Thompson's face, head, and back were "saturated" with OC spray. *Id.* Thompson cuffed up and was moved to the sally port, and had to wait for up to an hour to go to medical for a colostomy change and decontamination shower. *Id.* Two unknown officers escorted him to the medical station where he received his colostomy supplies, but when he requested a decontamination shower the officers responded that Sgt. Stovall instructed them to only provide his colostomy supplies. *Id.* at 3. Thompson was unable to receive a decontamination shower until after a shift change, when Lt. Lott examined the incident on the cameras, provided him with a decontamination shower and change of clothes, and wrote an incident report. *Id.*

Sgt. Stovall argues summary judgment is warranted in his favor because (1) there is no evidence he actually sprayed Thompson with OC spray and, regardless, (2) his attempt to apply a short burst of OC spray to Thompson was a reasonable amount of force. However, Sgt. Stovall bases these arguments only on his version of the facts, which Thompson disputes. Specifically, Thompson attests Sgt. Stovall sprayed him with OC spray until his face, head, and back were "saturated" with OC spray, and ordered correctional officers not to provide him with a decontamination shower. Construing these facts in the light most favorable to Thompson, a reasonable jury could conclude Sgt. Stovall used force maliciously to cause harm. *See Ogden*, 606 F.3d at 358; *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (at the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury") (citations omitted). In his reply,

4

Sgt. Stovall argues that administering a short burst of OC spray was permitted by policy, as Thompson was threatening to "gun down" staff members and had a history of threatening and assaulting staff. ECF 70 at 3-6. However, a reasonable jury could credit Thompson's version of the facts and conclude that "saturating" him with OC spray and refusing to provide him with a decontamination shower was malicious, not a good-faith effort to restore order. Because a reasonable jury could conclude Sgt. Stovall used excessive force against Thompson by saturating him in OC spray and refusing to provide him a decontamination shower, his summary judgment motion must be denied.

For these reasons, the court DENIES Sgt. Stovall's motion to file exhibits under seal (ECF 71) and DENIES Sgt. Stovall's motion for summary judgment (ECF 56).

SO ORDERED on November 29, 2023

                                           s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge